UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWANA COCHRAN,

Plaintiff,

v. Case No. 8:25-cv-2126-CPT

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____________________________/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1979, obtained at least a high school education, and has no past relevant work experience. (R. 20, 322, 348). In November 2021, the Plaintiff applied for SSI, alleging disability as of January 2007 due to right hand dysfunction and osteoarthritis in her left knee. *Id.* at 322, 347. The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *Id.* at 218, 223, 229, 233.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in September 2024. *Id.* at 11. The Plaintiff was represented by counsel at that proceeding and testified, as did a vocational expert (VE). *Id.*

In a decision issued in November 2024, the ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity since her application date in November 2021; (2) had the severe impairments of obesity, degenerative disc disease, osteoarthritis in both knees, osteoarthritis in her left ankle, carpal tunnel syndrome in both hands, and acquired pes planovalgus of the left foot; (3) did not, however, have an impairment or combination of impairments that met or medically equaled any of the listings;[1] (4) had the residual functional capacity (RFC) to perform sedentary work subject to certain restrictions, including, of import here, that she could frequently handle and finger with her left upper extremity but could only occasionally handle and finger with her right upper extremity; and (5) had no past relevant work experience but based on the VE's testimony, could engage in jobs that exist in significant numbers in the national economy—namely, order clerk, account clerk, and document preparer. *Id.* at 11–21. Given these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.* at 21.

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems significant enough to prevent a person from performing any gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *See id.*; *see also Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

The Appeals Council denied the Plaintiff's subsequent request for review. *Id.* at. 1. Accordingly, the ALJ's decision became the final decision of the Commissioner. *See Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To ascertain whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citation omitted).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a medically determinable impairment that is severe; (3) has a severe medically determinable impairment that meets or equals one of the listings; (4) has the

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *See id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) and 20 C.F.R. § 416.920(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot engage in the occupations identified by the Commissioner. *See Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision disposing of the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind would accept as adequate to

support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *See Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *See Viverette*, 13 F.4th at 1313–14 (citation omitted); *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff's sole challenge on appeal is that the ALJ did not properly assess her ability to use her hands, and that this error fatally undermined both the ALJ's RFC determination and the operative hypotheticals the ALJ posed to the VE. (Doc. 25). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's challenge has merit and warrants remand.

As noted above, the ALJ's task at step four includes crafting a claimant's RFC. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, the ALJ must discern based on all the pertinent evidence before him what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* § 404.1545(a)(1). In rendering this finding, an ALJ must consider all medical opinions and prior administrative medical findings in a claimant's case record, together with the other relevant evidence. *McClurkin v. Soc. Sec. Admin.*,

625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1527(b)); 20 C.F.R. § 404.1513a(b)(1).

As also noted above, where, as here, an ALJ finds that a claimant has no past relevant work experience, the ALJ must determine at step five if the claimant can engage in other occupations that exist in significant numbers in the national economy. In addressing this issue, an ALJ may consider information supplied by a VE. *See* 20 C.F.R. § 404.1566(e); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c. "A [VE] is an expert on the kinds of jobs an individual can perform based on [the claimant's] capacity and impairments." *Id.* at 1240. If an ALJ utilizes a VE, the ALJ "will pose hypothetical question(s) to the [VE] to establish whether . . . [a hypothetical individual] with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Id.* In doing so, the ALJ must present a hypothetical to the VE that incorporates all the claimant's restrictions. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (stating that an "ALJ must pose a hypothetical question which comprises all of the claimant's impairments") (internal quotation marks and citation omitted); *Hedges v. Comm'r of Soc. Sec.*, 530 F. Supp. 3d 1083, 1096 (M.D. Fla. 2021) ("The ALJ's hypothetical must . . . comprehensively describe the [claimant's] limitations.") (citing *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985)). "[A] hypothetical question that fail[s] to include or otherwise implicitly account for all of [a claimant's] impairments [means that] the [VE's] testimony is not 'substantial evidence' and cannot support the ALJ's conclusion

that [a claimant] could perform significant numbers of jobs in the national economy." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011); *see also Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420, 421 (11th Cir. 2010) ("[I]t is undisputed that the ALJ failed to include all of [the claimant's] . . . limitations in the hypothetical questions posed to the VE. Thus, the VE's testimony did not constitute substantial evidence upon which the ALJ could rely.") (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *Pendley,* 767 F.2d at 1562–63).

In this case, as the ALJ acknowledged in his decision, the record evidence revealed that the Plaintiff had multiple issues with her hands, including bilateral hand pain, reduced grip strength, "left hand swelling and tenderness," "carpometacarpal grind . . . in the left hand," "degenerative changes" in her left hand, right hand weakness with finger adduction, and decreased sensation in both hands. *See* (R. 17–18). At the hearing, the Plaintiff explained that she "used to be right hand dominant" but because she "messed up everything" with that hand, she now "use[d her] left hand for almost everything." (R. 153–54). In response to the ALJ's inquiries, the Plaintiff added that although she could use her right hand to hold certain items, like a knife or a broom, as well as do "little stuff" like pulling up her pants, she "always" used her left hand for anything more intensive. *Id.* at 154.

Given this evidence and as referenced previously, at step four, the ALJ included in his RFC the restrictions that the Plaintiff could frequently handle and finger with her left upper extremity but could only occasionally handle and finger with her right upper extremity. (R. 16). In then posing two hypotheticals to the VE at step five, the

ALJ told the VE to assume that the hypothetical individual in question possessed the same asymmetric capabilities in her upper extremities as the Plaintiff did and that the hypothetical individual was "ambidextrous." *Id.* at 179–80.

The Plaintiff now argues that the ALJ's hypotheticals characterizing her as ambidextrous are not substantiated by the record and that the VE's testimony in response to those hypotheticals therefore does not amount to substantial evidence. (Doc. 25). The Plaintiff has a point.

While the SSA does not appear to have its own interpretation of what ambidextrous means (at least the Commissioner does not offer one here), the word is defined in the *Merriam-Webster Dictionary* as being able to employ "both hands with *equal* ease or dexterity," *see Merriam-Webster* (2026), www.merriam-webster.com/dictionary/ambidextrous (emphasis added), and in the *Oxford English Dictionary* as being "[a]ble to use the right and left hands *equally* well," *see Oxford English Dictionary* (2020), www.oed.com/dictionary/ambidextrous_adj?tl=true (emphasis added). Applying these definitions to the ALJ's hypotheticals here, the ALJ essentially instructed the VE in one breath that the Plaintiff could not employ "both [her] hands with equal ease or dexterity," *Merriam-Webster* (2026), or "equally well," *Oxford English Dictionary* (2020), and in the next breath that she could. The ALJ's formulation of his hypotheticals in this manner is at best confusing and at worst contradictory and thus cannot be relied upon to justify the ALJ's step five finding. As a result, remand is necessary. *See Rosinski v. O'Malley*, 2024 WL 629422, at *7 (S.D. Ga. Jan. 26, 2024) (reversing and remanding after finding that the ALJ prefaced a hypothetical to the VE

in a way that created "confusion"), *report and recommendation adopted,* 2024 WL 628460 (S.D. Ga. Feb. 14, 2024); *Sarah J. v. Kijakazi*, 2021 WL 12299984, at *6–7 (N.D. Ga. Aug. 12, 2021) (reversing and remanding after concluding that the ALJ's "hypothetical question" to the VE was "contradictory"); *Chandler v. Saul*, 2019 WL 5191010, at *11 (N.D. Ala. Oct. 15, 2019) (reversing and remanding where the hypotheticals employed by the ALJ were "confusing and incomplete").

In an effort to avoid this outcome, the Commissioner undertakes his own assessment of the record and points to evidence which he believes demonstrates that the Plaintiff is ambidextrous. (Doc. 27). Putting aside the deficiencies in the Commissioner's assessment, it is well settled that a court may not uphold an ALJ's determination predicated on such a post-hoc rationalization offered by the Commissioner on appeal. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (per curiam) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)); *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (rejecting the Commissioner's attempt to use a post-hoc rationalization to explain the ALJ's failure to resolve a pertinent question).[4]

[4] The Commissioner does not contend that the ALJ's flawed hypothetical is subject to a harmless error analysis and has thus waived any such contention. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) (citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam). The Court notes only that there is case authority suggesting that this type of error is not harmless. *See Dial*, 403 F. App'x at 421 (finding that an ALJ's defective hypothetical was not harmless) (citation omitted).

Given the above finding regarding the ALJ's faulty hypothetical to the VE, the Court need not resolve the Plaintiff's objection to the ALJ's RFC determination. *McClurkin*, 625 F. App'x at 963 n.3 (finding there was no need to analyze any additional issues because the case was already subject to remand due to other errors); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address the claimant's remaining arguments in light of the conclusions reached in remanding the action). On remand, however, the ALJ must take into account all the record evidence in accordance with the governing case law and the applicable regulatory provisions in assessing the Plaintiff's impairments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983).

IV.

Based upon the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk of Court is directed to enter Judgment in the Plaintiff's favor, to terminate any pending motions and deadlines, and to close the case.

SO ORDERED in Tampa, Florida, this 4th day of September 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record